**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAN NAN ZHAO, AKA Cannan Zhao, | No. 14-71857 |
| Petitioner, | Agency No. A200-755-543 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Can Nan Zhao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition.

Substantial evidence supports the agency's adverse credibility determination based on the lack of detail in Zhao's testimony regarding his wife's alleged encounters with Chinese authorities and his failure to corroborate his claim. *See id.* at 1040, 1047-1048 (looking to the level of detail of the claimant's testimony to assess credibility remains viable under the REAL ID Act; adverse credibility determination based on totality of the circumstances, including corroboration).

Further, the agency did not err in its corroboration finding. *See Wang v. Sessions*, 861 F.3d 1003, 1008-09 (9th Cir. 2017) (under *Ren v. Holder,* 648 F.3d 1079, 1091 (9th Cir. 2011), applicant is entitled to notice that corroborating evidence needed to carry burden of proof only when the applicant's testimony is otherwise credible).

Thus, in this case, in the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

14-71857